IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WAYNE MCELWAIN,

    Plaintiff,

v.                                                CASE NO. 5:09-cv-322-SPM-GRJ

DIRECTOR, NORTHEAST REGIONAL OFFICE,
BUREAU OF PRISONS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 12, an amended *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and Doc. 18, the Respondent's Response to the Petition.  Petitioner is a prisoner in the custody of the Florida Department of Corrections, but he is challenging the federal Bureau of Prisons calculation of a federal sentence.  Petitioner contends that the BOP refused to make a *nunc pro tunc* designation of the Florida Department of Corrections for service of the federal sentence ordered to run concurrently to his state sentence.

According to the Response, Petitioner was serving a federal term of supervised release in the Western District of New York.  While he was on supervision, Petitioner received a 15-year sentence in Florida for second degree robbery.  While he was serving his state sentence, the U.S. Marshal's Service (USMS) obtained temporary custody of Petitioner on August 15, 2005, via a writ, and he was transported to the Western District of New York.  On July 28, 2006, Petitioner received a 115-month federal sentence for bank robbery.  The 115-month term was ordered to run concurrent to the Florida sentence.  Petitioner's supervision was revoked, and he received a 36-

month revocation sentence, to run concurrent to the other federal and state sentences. Petitioner was returned to the custody of the Florida Department of Corrections to complete his state sentence.

The Response states that the BOP designated Petitioner's state facility for service of his federal sentence, with the federal sentence calculated to begin on the date the new federal sentence was imposed, July 28, 2006, in accordance with BOP policy. Because Petitioner has received the relief sought in the Petition – *nunc pro tunc* designation of the State facility for service of his concurrent federal sentence – the Respondent contends that Petitioner has received the relief sought in the Petition and the Petition is therefore moot.

In reply, Petitioner states that he was unaware when he filed his Petition that the *nunc pro tunc* designation had been made. Petitioner "requests this Honorable Court to acknowledge that the relief sought is so granted and enter order setting forth such and grant such other relief deemed just and proper." Doc. 23.

In light of the foregoing, it is clear that the instant petition is moot. It is respectfully **RECOMMENDED**:

That the Petition, Doc. 12, be **DISMISSED AS MOOT**, and that this case be closed.

**IN CHAMBERS** this 28th day of October 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**